IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY C. BUCKLEY,

        Petitioner,                  No. 2:13-cv-0515 EFB P

    vs.

GIBSON,

        Respondent.              <u>ORDER</u>

        Petitioner is a state prisoner without counsel.  He has filed a document with the court indicating that he is currently exhausting his state court habeas remedies. Dckt. No. 1. Petitioner explains that he would like to be prepared to proceed in this court should the California Supreme Court deny his state petition.  He further states that he would like to notify the court of a potential delay due to an inadequate law library.  *Id*.  The filing does not contain any claims for relief.

        Petitioner's filing only signals his intent to file a petition; it does not act as a protective petition for purposes of complying with the Anti-Terrorism and Effective Death Penalty Act of 1996's one-year statute of limitation.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

////

////

1

1 Furthermore, to commence a civil action, a party is required to file a complaint or petition. Fed. R. Civ. P. 3; Rule 3, Rules Governing § 2254 Cases. Petitioner's filing constitutes neither. If petitioner wishes to proceed with this case, he must file a petition.

Accordingly, it is hereby ORDERED that:

1. Petitioner shall file a petition for writ of habeas corpus within 30 days of the date of this order;

2. Petitioner is warned that failure to do so will result in this case being closed; and

3. The Clerk of the Court is directed to send petitioner the court's form for application for writ of habeas corpus.

DATED: April 11, 2013.

*/s/ Edmund F. Brennan*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2